UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
VERNON H. ANDREWS,

                      Plaintiff,

      v.                                            Civ. Action No.
                                                    3:11-CV-1151 (TJM/DEP)

DENNIS AND DEBRAH ROWLAND,
JACK GOLDBERG, and BOB DE STEFANO,

                      Defendants.
--------------------------------------------------------
APPEARANCES:

VERNON H. ANDREWS
Plaintiff, *pro se*

THOMAS J. McAVOY
SENIOR U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

    *Pro se* Plaintiff Vernon H. Andrews commenced this action on September 27, 2011 by the filing of a form civil rights complaint, along with an application to proceed *in forma pauperis* ("IFP"). By Decision and Order, dated October 17, 2011, Dkt. No. 5, the Court granted Plaintiff permission to proceed IFP, but dismissed Plaintiff's Complaint with leave to replead. Presently before the Court for review is Plaintiff's Amended Complaint.

    As noted in the Court's previous Decision and Order, the basis for Plaintiff's claim was not clear from the sparse allegations in his Complaint, and the attachments thereto provided little elucidation. From that pleading it appeared that the Defendants formerly employed the Plaintiff and that he claims that Defendants violated his rights by

overworking him.  *See generally* Complaint (Dkt. No. 1).  As relief in his Complaint, Plaintiff seeks "2 million to each person."  Upon conducting the required review under 28 U.S.C. § 1915(e),[1] the Court concluded that, even when liberally construed, the Complaint did not allege a discernible cause of action.  Accordingly, the Court found that dismissal of the Complaint was required under Section 1915(e) on the grounds that Plaintiff had failed to state a cause of action which was plausible on its face and that his claims were frivolous.  Dkt. No. 5.

Unfortunately, Plaintiff's Amended Complaint suffers from the same fatal deficiencies as his original pleading.  In his most recent filing, Plaintiff seems to have changed his allegations to a limited extent.  Plaintiff's Amended Complaint still asserts that he was overworked by Defendants, dating back to 1994, and apparently as a result became mentally ill, and also demands $2 million in damages.  *See generally* Amended Complaint (Dkt. No. 6).   That pleading, unlike his original filing, also demands, "would you please get me to stop working for them.  I cannot do it.  I have been going to Alcoholics Anonymous every day because of this 'I hope it helps' since 1997", and "work at home from now on. law if you get sick at work they cannot fire you. They all made me sick at work!"  Amended Complaint (Dkt. No. 6) pp. 3-4.  The basis for Plaintiff's claims remains indiscernible.  As a result, for the reasons set forth in its previous Decision and Order, the

---

[1]   Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*,

> (2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Court has concluded that the Amended Complaint must be dismissed.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Amended Complaint is dismissed without prejudice;

**ORDERED**, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

Dated: November 9, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge